UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 SEP -7 A 11: 55
U.S. DISTRICT COURT

---

HANOVER INSURANCE COMPANY,

    Plaintiff,

-against-

JACK McALLISTER,

    Defendant.

---

3:02CV1318 (RNC)

August 30, 2004

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**PLAINTIFF'S PROPOSED FINDINGS OF FACT:**

 1. That on or about August 19, 2001, Jack McAllister owned a 30' Soverel sailboat (H.I.N. SVM300620879) named the LOCURA.

 2. That the LOCURA was registered in the State of New York.

 3. That as of August 19, 2001, Jack McAllister resided at 96 Laurelwood Drive, Niantic, Connecticut.

 4. That as of April 20, 2001, Jack McAllister resided at 96 Laurelwood Drive, Niantic, Connecticut.

 5. That on the Hanover Insurance Company Flagship Declaration Page and Policy signed by Jack McAllister on April 20, 2001, defendant Jack McAllister indicated he resided at 96 Laurelwood Drive, Niantic, Connecticut.

 6. That on August 19, 2001, the S/V LOCURA was not displaying any registration numbers, decal and/or home or hauling port.

7. That the State of Connecticut requires persons operating a vessel in Connecticut waters to display a valid registration number with a current decal or a current decal if the vessel is federally documented.

8. That on August 19, 2001, Jack McAllister was in violation of New York law in that he did not have his vessel registration decals affixed to the hull of his vessel.

9. That during 1996, 1997, 1998, 1999, 2000 and 2001, Jack McAllister kept the S/V LOCURA at Spicer's Marina.

10. That certain of the information contained in the Flagship Declaration Page and Policy reviewed and signed by Jack McAllister contained inaccurate information.

11. That had plaintiff Hanover Insurance Company and/or its agents, National Marine Underwriters, been aware of that inaccurate information it would have either not insured the S/V LOCURA, or would have charged a higher premium had it elected to insure the S/V LOCURA.

12. That when defendant Jack McAllister was approached by Connecticut Conservation Officer Arsenault and ordered to stop his vessel, defendant Jack McAllister failed to stop his vessel.

13. That even though defendant Jack McAllister was repeatedly ordered by various law enforcement officials to stop his vessel, he failed to voluntarily do so.

14. That when Officer Christopher Dwyer attempted to board defendant Jack McAllister's vessel, defendant Jack McAllister struck and/or kicked Officer Dwyer and maneuvered his vessel so as to attempt to cause Officer Dwyer to fall overboard.

15. That the actions of defendant Jack McAllister were intentional.

16. That the aforesaid actions resulted in injuries to the person of Officer Christopher Dwyer.

17.  That the injuries sustained by Officer Christopher Dwyer were caused by the intentional act(s) and/or willful misconduct and/or unlawful purpose of defendant Jack McAllister.

18.  That the S/V LOCURA, the vessel on which defendant Jack McAllister was on and operating on August 19, 2001, sustained damages on that date.

19.  That the damages sustained by the S/V LOCURA were the result of the intentional act(s) and/or willful misconduct and/or unlawful purpose of defendant Jack McAllister.

20.  That as a result of the aforementioned acts, plaintiff Hanover Insurance Company is relieved from providing a defense and/or indemnifying and/or paying Jack McAllister for the damages sustained by the S/V LOCURA.

21.  That although the aforementioned incident occurred on August 19, 2001, defendant Jack McAllister failed to notify plaintiff Hanover Insurance Company of the incident until March 15, 2002, some seven (7) months later.

22.  That defendant Jack McAllister's inaction in waiting until March 15, 2002 to notify plaintiff Hanover Insurance Company of the incident was a breach of the contractual notice provisions contained in the policy of marine insurance at the section entitled "Duties Following Any Loss."

23.  That as a result of the aforementioned breach, the plaintiff, Hanover Insurance Company, is relieved of its duty to defend and/or indemnify Jack McAllister or pay for the damages sustained to his vessel, i.e., the LOCURA.

**PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW:**

1.  The applicable policy exclusions apply herein and, therefore, no coverage exists that would require plaintiff Hanover Insurance Company to provide defendant Jack McAllister with a defense, to indemnify him for any liability and/or property loss that resulted from his actions on

3

August 19, 2001. <u>Carvey v. Aetna Casualty Surety Company</u>, 2001 Conn. Super. LEXIS 1257 (J.D. New Britain, 2001); <u>State Farm Fire & Casualty Co. v. Bullock</u>, 1997 Conn. Super. LEXIS 1506 (J.D. New Haven, 1977); <u>Maryland Casualty Insurance Company v. Carpentino</u>, 1997 Conn. Super. LEXIS 2001 (J.D. New Haven, 1997), <u>Cononent Insurance Company v. Sloat</u>, 2003 Conn. Super. LEXIS 1557 (J.D. Fairfield, 2003); Stack v. Farm Family Casualty Insurance Co., 2002 Conn. Super. LEXIS 1174 (J.D. New Haven 2002); <u>Doe v. The Standard Fire Insurance Co.</u>, 1995 Conn. Super. LEXIS 3343 (J.D. Hartford 1995)

2. That defendant Jack McAllister's failure to timely notify plaintiff Hanover Insurance Company of the incident until some seven (7) months after the incident is a breach of the marine insurance policy contract and voids the policy.

Dated: Easton, Connecticut
August 30,, 2004

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff,
Hanover Insurance Company

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
276 Center Road
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

McAllisterFindings.doc

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 30th day of August, 2004, to the following:

Norman A. Pattis, Esq.
Williams & Pattis, LLC
51 Elm Street
New Haven, Connecticut 06510

_____
Frederick A. Lovejoy